# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ARIEL KINDROW,

    Plaintiff,

v.                                                            Case No. 21-10968

JOCELYN BENSON and the MICHIGAN
DEPARTMENT OF STATE,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT MICHIGAN DEPARTMENT OF STATE WITHOUT PREJUDICE

Plaintiff Ariel Kindrow brings this *pro se* action under 42 U.S.C. § 1983, alleging violations of the Due Process Clause of the Fourteenth Amendment. (ECF No. 1, PageID.5-8.) She claims that Defendant Jocelyn Benson, the Michigan Secretary of State, and Defendant Michigan Department of State ("MDS") violated her constitutional rights by arbitrarily revoking her drivers license. (*Id.*) In addition, Plaintiff alleges that the state law providing Defendants the authority to initiate investigations and revoke drivers' licenses is unconstitutionally vague. (*Id.*, PageID.5-8.) She seeks declaratory relief, compensatory damages, and punitive damages. (*Id.*, PageID.9.)

On April 28, 2021, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2.) The court has reviewed the application and will grant the request. When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted." *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)).

A complaint "fails to state a claim on which relief may be granted" when, "constru[ing] the complaint in the light most favorable to the plaintiff and accept[ing] all factual allegations as true," the complaint is not "plausible on its face." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Because sovereign immunity "implicates important questions of federal-court jurisdiction and federal-state comity," the court may dismiss a claim *sua sponte* on the basis of sovereign immunity. *Colvin v. Caruso*, 605 F.3d 282, 289-90 (6th Cir. 2010); *accord Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

Plaintiff brings § 1983 claims against Defendant MDS alleging that the agency violated her constitutional rights. According to Plaintiff, Defendant MDS arbitrarily revoked her driver's license in violation of the Due Process Clause. (ECF No. 1, PageID.5-8.) The court will dismiss those claims without prejudice.

Sovereign immunity for state governments, as provided under the Eleventh Amendment, is "firmly enshrined in our constitutional framework and shields the States

2

from private lawsuits absent their consent or permissible abrogation by Congress." *Crabbs v. Scott*, 786 F.3d 426, 428-29 (6th Cir. 2015) (quoting *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 752-53 (2002)). The immunity bars suits against state governments for monetary damages and injunctive relief. "The Eleventh Amendment on its face applies equally to suits in law and equity." *Carten v. Kent State Univ.*, 282 F.3d 391, 397 (6th Cir. 2002) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996)).

"[A] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Defendant MDS is a state agency entitled to sovereign immunity. *See Freeman v. Mich. Dep't of State*, 808 F.2d 1174, 1179 (6th Cir. 1987) (holding that dismissal of a claim under 42 U.S.C. § 1981 was proper to the extent that the claim named the Michigan Department of State as a defendant); *Studstill El v. Mich. Dep't of State*, 691 F. App'x 820, 822 (6th Cir. 2017) (affirming on sovereign immunity grounds dismissal of a § 1983 claim against the Michigan Department of State).

"The Sixth Circuit has largely followed the 'jurisdictional bar' approach to sovereign immunity." *Colvin*, 605 F.3d at 289-90 (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)). "A dismissal for lack of jurisdiction does not operate as an adjudication on the merits," *Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000) (quoting Fed. R. Civ. P. 41(b)), and dismissal on grounds of sovereign immunity is without prejudice. *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (holding that there is a "heavy presumption" that dismissal of claim against a state government on

3

sovereign immunity grounds is "without prejudice"). Thus, the court will dismiss Plaintiff's claims against Defendant MDS without prejudice.

In addition to the claims against Defendant MDS, Plaintiff brings § 1983 claims against Defendant Benson, who Plaintiff names in Benson's official and individual capacity.[1] Those claims remain, and Plaintiff may proceed without prepaying fees or costs. Accordingly,

IT IS ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant MDS are DISMISSED WITHOUT PREJUDICE.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 17, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-10968.KINDROW.SummaryDismissalofDefendantMichiganDepartmentofState.RMK.docx

---

[1] Plaintiff names Defendant Benson "in [Benson's] individual capacity for damages . . . and in her official capacity for declaratory relief." (ECF No. 1, PageID.2.)

4